## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| GEORGE WALTER BREWSTER, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | NO. 4:25-cv-00001-CDL-AGH |
| Sheriff GREG COUNTRYMAN, *et al.*,: | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER OF DISMISSAL

*Pro se* Plaintiff George Walter Brewster, III, who is currently being held in the Muscogee County Jail in Columbus, Georgia, has filed a civil rights complaint under 42 U.S.C. § 1983. ECF Nos. 1. Plaintiff has also moved for leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Upon review of these documents, the Court finds that Plaintiff may not proceed *in forma pauperis* because more than three of his prior federal lawsuits have been dismissed on grounds that count as "strikes" under 28 U.S.C. § 1915(g), and Plaintiff has not alleged facts showing that he is in imminent danger of serious physical injury. Therefore, Plaintiff's motion to proceed *in forma pauperis* is now **DENIED**, and his complaint is **DISMISSED WITHOUT PREJUDICE**, as set forth below.

Federal law bars a prisoner from bringing a "civil action" in federal court *in forma pauperis*

if [he] has, on 3 or more prior occasions, while incarcerated or detained in

> any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed various federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Brewster v. Turner*, Case No. 4:21-cv-00014 (M.D. Ga. Mar. 3, 2021) (dismissing for failure to state a claim), ECF No. 5; Order Dismissing Compl., *Brewster v. Am. Int'l Movers, Inc.*, Case No. 4:20-cv-00045 (M.D. Ga. Mar. 12, 2020) (dismissing for failure to state a claim), ECF No. 5; Order Adopting R. & R., *Brewster v. Dist. Atty's Office*, Case No. 4:20-cv-00038-CDL-MSH (M.D. Ga. Oct. 21, 2020) (dismissing for failure to state a claim), ECF No. 7; *see also* Order Dismissing Compl., *Brewster v. Muscogee Cty. Police Dep't*, Case No. 4:21-cv-00048-CDL-MSH (M.D. Ga. May 24, 2021) (dismissing case under the three strikes rule). Thus, Plaintiff is barred from prosecuting this action *in forma pauperis*

unless he is in imminent danger of serious physical injury.   28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).   Complaints of past injuries are not sufficient.   *See Medberry*, 185 F.3d at 1193.   Vague and unsupported claims of possible dangers likewise do not suffice.   *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).   The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Plaintiff complains that while being held in the Muscogee County Jail for a probation violation, he incurred a new charge for Interference with Government Property on July 17, 2024.   ECF No. 1 at 6; *see also* ECF No. 4 at 7-8.   Plaintiff states that he was taken to Recorders Court four days later where his charges were bound over to the Superior Court to which Plaintiff asserts that "[t]his was in violation of the Petitioner's Due Process rights" as well as state law.   *Id*.   Plaintiff "is seeking monetary compensation for this false imprisonment of [his] person."   *Id*. at 7.   Plaintiff's later addendum to his complaint states that the Muscogee County Sheriff's Department and the Muscogee County District Attorney's Office are conspiring to prosecute him for a crime he did not commit and he raises an additional claim of malicious prosecution.   ECF No. 4 at 4-6.   Thus, Plaintiff's

3

complaint is construed as raising Due Process, false imprisonment and malicious prosecution claims as to his continued detention in the Muscogee County jail and the criminal proceedings surrounding his state criminal charges.[1]

In an attachment to his complaint, Plaintiff includes a list of purported risks of harm unrelated to his Due Process, false arrest, and malicious prosecution claims and not linked to any Defendant. *See generally*, ECF No. 1 at 8-15. The risks of harm that Plaintiff asserts are that (1) he sleeps on the floor and is at risk of being stepped on; (2) incidents occur in the jail due to a lack of control; (3) medical staff does not automatically screen every inmate who enters the jail for diseases such as Hepatitis, AIDS, Covid-19, "crabs" or Lice; and (4) black mold is present in the jail. ECF No. 1 at 3-9. Many of the entries on the list are generic statements, such as "severe act of violence" or "[t]he Courts should watch this themselves" as well as incidents involving other inmates that Plaintiff says he "witnessed." ECF No. 1 *Id.* at 4. These purported risks of harm are not asserted as additional claims. *Id.*; ECF No. 4. Instead, Plaintiff is including these items to invoke

---

[1] Generally, principles of equity, comity, and federalism counsel federal abstention in deference to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (concluding that "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges."); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (concluding that federal courts consistently abstain from interfering in state criminal prosecutions unless a limited exception applies). Therefore, even if Plaintiff was not precluded from proceeding based on the three-strikes rule, this Court would be prohibited from considering Plaintiff's false imprisonment and due process claims until the conclusion of his state criminal case.

the imminent danger exception as to the three strikes bar to proceeding *in forma pauperis* and as an attempt to overcome the *Younger* abstention doctrine as it applies to his Due Process, false imprisonment, and malicious prosecution claims. *See* ECF No. 4.

Moreover, even if Plaintiff did intend on his list of risks to be additional claims, the imminent danger exception would still not apply. First, as to only those instances where Plaintiff was a party to a "risk", he lists that he has been "pushed for no reason", that he "was struck by a flying cup for no reason", and that an inmate "squat[ted] over [his] face while [he is] sleeping on the floor." ECF No. 1 at 9-15. Plaintiff's allegations contain no instances where he has been physically harmed nor where he has been placed in grave danger of being harmed. *Id.* In some, Plaintiff's list of purported risks generally do not identify a genuine emergency showing that Plaintiff is in imminent danger of serious physical injury. *See Medberry*, 185 F.3d at 1193. Thus, Plaintiff does not qualify for the exception to the three-strikes rule.

Lastly, Plaintiff's primary claims are rooted in his arrests and criminal prosecution for state criminal charges. Claims as to his conditions of confinement are separate unrelated claims that cannot be joined in the same civil action with his due process, false imprisonment, and malicious prosecution claims. Fed. R. Civ. P. 20 (a)(2) (stating that a plaintiff will not be permitted to join claims in one action unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and raise a "question of law or fact common to all defendants."); *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998) (explaining that a

claim arises out of the same transaction or occurrence only "if there is a logical relationship between the claims.").

For all the reasons set forth, Plaintiff's motion to proceed in this action *in forma pauperis* is therefore **DENIED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.[2]

**SO ORDERED**, this 9th day of January, 2025.


S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit.   Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee.

6